UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENNIFER M. PONTERIO,

    Plaintiff,

v.

BADCOCK'S ECONOMY FURNITURE
STORE d/b/a BADCOCK HOME
FURNITURE & MORE,

    Defendant.
_____/

Case No. 8:22-cv-02224

# COMPLAINT

Plaintiff JENNIFER M. PONTERIO ("Plaintiff"), by and through the undersigned, complains as to the conduct of BADCOCK'S ECONOMY FURNITURE STORE d/b/a BADCOCK HOME FURNITURE & MORE ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages under the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. § 227 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statue §559.55 *et seq.*, and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") pursuant to

1

Florida Statute § 501.201 *et seq.*, as well as for Invasion of Privacy ("IOP") and Trespass to Chattels ("TTC"), stemming from Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. § 227 and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Supplemental jurisdiction exists for Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business, and a substantial portion of the events or omissions giving rise to the claims occurred, within the Middle District of Florida.

## PARTIES

5. Plaintiff is a consumer over-the-age of 18 and, at all times relevant, resided in New Port Richey, Florida, within the Middle District of Florida.

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. Defendant operates retail stores throughout the United States and offers its customers credit options for household goods and other consumer goods, including to those in the state of Florida. Defendant is a corporation organized under the laws of the state of Florida, with its principal place of business located at 3931 RCA Boulevard #3122, Palm Beach Gardens, Florida 33410.

8. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

10. The instant action arises out of Defendant's attempts to collect upon a credit obligation ("subject consumer debt") said to be owed by Plaintiff.

11. Prior to the conduct giving rise to these claims, Plaintiff financed the purchase of household goods ("household goods") from and through Defendant, which were used for personal, family, and household services, creating the subject consumer debt.

12. Due to financial hardships outside of her control, Plaintiff fell behind on the payments for the subject consumer debt, which was in the amount of around $1,500.00.

13. Soon after, Plaintiff began receiving calls to her cellular phone number (813) XXX-8175 from Defendant, essentially every day.

14. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -8175. Plaintiff is and always has been financially responsible for the cellular phone and its services.

15. Defendant has primarily used the phone number (800) 346-9275 when placing collection calls to Plaintiff's cellular phone but upon belief, Defendant has used other numbers as well.

16. Upon information and belief, the above-referenced phone number is regularly utilized by Defendant during its debt collection activity.

17. Upon speaking with one of Defendant's representatives, Plaintiff was informed that Defendant was attempting to collect upon the subject consumer debt.

18. On such a call, Plaintiff explained she could not afford the subject consumer debt, explained her financial hardships, and demanded that Defendant quit calling her.

19. Notwithstanding Plaintiff wanting the calls to stop and her inability to make payment, Defendant continued placing relentless phone calls seeking collection of the subject consumer debt.

20. Plaintiff has repeatedly demanded that Defendant cease in calling her, but to no avail.

21. Plaintiff has received dozens of calls from Defendant despite her repeated demands that the calls cease.

22. Defendant has called Plaintiff essentially every day, and often numerous times on the same day.

23. Many of Defendant's persistent calls have resulted in prerecorded messages being delivered to Plaintiff's cellular phone.

24. Plaintiff has received numerous calls from Defendant, including many involving the use of prerecorded messages, despite Plaintiff's repeated demands that the calls cease.

25. Defendant willfully ignored Plaintiff's demands and continued placing phone calls to Plaintiff's cellular phone, thus causing Plaintiff emotional distress.

26. Defendant's relentless and unfair phone calls attempting to collect upon the subject consumer debt have continued through the filing of this arbitration.

27. Frustrated over Defendant's conduct, Plaintiff spoke with the undersigned regarding her rights, exhausting time, resources, and expenses.

28. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

29. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted collection telephone calls, emotional distress, and numerous violations of her federal and state-protected interests to be free from harassing and abusive debt collection conduct.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

30. Plaintiff restates and realleges paragraphs 1 through 29 as though fully set forth herein.

31. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using prerecorded messages without their consent.

32. Defendant's utilization of prerecorded messages brings its conduct within the ambit of the TCPA. Defendant caused Plaintiff to experience prerecorded voice messages on calls Plaintiff answered, as well as leaving Plaintiff prerecorded voicemail messages on Plaintiff's cellular phone.

33. Defendant violated the TCPA by placing numerous phone calls to Plaintiffs' cellular phones using prerecorded messages without Plaintiffs' consent. Immediately after Plaintiff fell behind on the subject consumer debt, the first of Defendant's calls were made, and consent to make such calls was revoked by Plaintiff by way of Plaintiff demanding to Defendant that all calls cease. However, Defendant called Plaintiff numerous times since and left prerecorded messages notwithstanding its lack of consent to do so.

34. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i). Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Arbitrator's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, JENNIFER M. PONTERIO, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B) and 227(b)(3)(C); in addition to damages under 47 U.S.C. § 227(d)(3)(A)(1);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

## COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

35. Plaintiff restates and realleges paragraphs 1 through 29 as though fully set forth herein.

36. At all times relevant, Plaintiff, was and is a natural person and a "consumer" as defined by Florida Statute § 559.55(8).

37. At all times relevant to this action, Defendant was subject to and must abide by the laws of the state of Florida, including Florida Statute § 559.72.

38. At all times relevant, Defendant was and is a "person" as said term is defined under Florida Statute § 1.01(3) and is subject to the provisions of Fla. Stat. § 559.27 because said section applies to "any person" who collects or attempts to collect a consumer debt, as defined by Fla. Stat. §§ 559.72 and 559.51(1).

39. At all times material hereto, the subject consumer debt in question was a "consumer debt" as said term is defined under Florida Statute § 559.55(6).

### i. Violations of FCCPA §559.72(7)

40. A person violates § 559.72(7) of the FCCPA when it willfully communicates with the debtor with such frequency as can reasonably be expected to harass the debtor, or willfully engages in other conduct which can reasonably be expected to abuse or harass the debtor.

41. Defendant violated § 559.72(7) of the FCCPA when it harassingly and repeatedly called Plaintiff seeking payment for the subject consumer debt despite knowing that Plaintiff could not afford such.

42. Further, Defendant violated § 559.72(7) of the FCCPA when it harassingly continued to call Plaintiff after she demanded that Defendant cease in calling her.

43. Defendant's actions show that it was its specific goal to abuse, harass, and annoy Plaintiff enough to induce her into making a payment, even after being put on notice that Plaintiff did not consent to such calls.

44. This repeated behavior of systematically calling Plaintiff, despite her demands and communications, was harassing and abusive. Such actions were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment herself.

WHEREFORE, Plaintiff, JENNIFER M. PONTERIO, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Entering judgment in Plaintiff's favor and against Defendant;

b. Awarding Plaintiff her actual damages in an amount to be determined at trial, pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

c. Awarding Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

d. Awarding Plaintiff equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

e. Awarding Plaintiff costs and reasonable attorney fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

f. Enjoining Defendant from further contacting Plaintiff; and

g. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

## COUNT III– VIOLATIONS OF THE FDUTPA

45. Plaintiff restates and realleges paragraphs 1 through 29 as though fully set forth herein.

46. The transactions giving rise to these claims constitute "trade or commerce" defined by Fla. Stat. § 501.203(8).

47. Pursuant to the FDUTPA § 501.204(1), "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

48. The provisions of the FDUTPA "shall be construed liberally to . . . protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202(2).

49. Violations of the FDUTPA further consider the rules promulgated in connection with the Federal Trade Commission Act, the standards of unfairness and deception set forth and interpreted by the Federal Trade Commission or the federal courts, as well as any law, statute, rule, regulation, or ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices. *See* Fla. Stat. § 501.203.

50. Defendant violated § 501.204(1) of the FDUTPA through its unfair and deceptive calls made to Plaintiff without consent. In light of Plaintiff's lawful demands that Defendant cease in calling her, Defendant deceptively and falsely represented it had the lawful ability to continue making harassing phone calls by way of doing so, and also misrepresenting Plaintiff's lawful ability to demand that the same cease. Defendant willfully ignored the demands and rights of Plaintiff and continued to call Plaintiff in complete disregard for Plaintiff and her rights.

WHEREFORE, Plaintiff, JENNIFER M. PONTERIO, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Entering judgment in Plaintiff's favor and against Defendant;

b. Awarding Plaintiff his actual damages in an amount to be determined at trial pursuant to the Fla. Stat. § 501.211(2);

c. Entering a declaratory judgment finding that the above referenced conduct is in violation of the above referenced statutes and regulations, pursuant to Fla. Stat. § 501.211(1);

d. Awarding Plaintiff equitable relief, including enjoining Defendant from further violations, pursuant to Fla. Stat. §501.211(1);

e. Awarding Plaintiff costs and reasonable attorneys' fees pursuant to Fla. Stat. §501.2105; and

f. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

## COUNT IV-INVASION OF PRIVACY-INTRUSION UPON SECLUSION

51. Plaintiff restates and realleges paragraphs 1 through 29 as though fully set forth herein.

52. Defendant, through its collection conduct, has repeatedly and intentionally invaded Plaintiff's privacy.

53. Defendant's persistent and unwanted phone calls to Plaintiff's cellular phone curtailed Plaintiff's right to privacy.

54. Moreover, Defendant's behavior in continuously contacting Plaintiff by phone at different times throughout the day was highly intrusive and invasive.

11

55. Defendant's unsolicited phone harassment severely disrupted Plaintiff's privacy, disrupted Plaintiff's overall focus, and continually frustrated and annoyed Plaintiff to the point where Plaintiff was denied the ability to quietly enjoy her life, instead having it upended by Defendant's harassing debt collection campaign.

56. These persistent collection calls eliminated the peace that Plaintiff would have otherwise had in Plaintiff's home and/or any other location in which Plaintiff was subjected to Defendant's collection campaign.

57. By continuing to call Plaintiff in an attempt to dragoon Plaintiff into paying the subject consumer debt, Plaintiff had no reasonable escape from these incessant calls.

58. Defendant's relentless collection conduct and tactic of repeatedly calling Plaintiff's cellular phone after she requested that these calls cease, on numerous occasions, is highly offensive to a reasonable person.

59. Defendant intentionally and willfully intruded upon Plaintiff's solitude and seclusion by placing several uncontested phone calls to Plaintiff's cellular phone in a short period of time.

WHEREFORE, Plaintiff, JENNIFER M. PONTERIO, respectfully requests that this Honorable Court enter judgment in her favor as follows:

 a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

 b. Awarding Plaintiff actual damages;

c. Awarding Plaintiff punitive damages;

d. Award Plaintiff reasonable attorney fees & costs;

e. Enjoining Defendant from further contacting Plaintiff and seeking payment of the subject consumer debt; and

f. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

### COUNT V-TRESPASS TO CHATTELS

60. Plaintiff restates and realleges paragraphs 1 through 29 as though fully set forth herein.

61. Trespass to Chattels is defined as the intentional interference with the possession, or physical condition of a chattel in the possession of another, without justification. Prosser, Torts, 64 (2d ed.).

62. The harm recognized by the ancient common law claim of trespass to chattels — the intentional dispossession of chattel, or the use of or interference with a chattel that is in the possession of another, is a close analog for a TCPA violation." Mey v. Got Warranty, Inc., 193 F.Supp.3d 641, 647 (N.D. W. Va. 2016).

63. Courts have applied this tort theory to unwanted telephone calls. See *Czech v. Wall St. on Demand*, 674 F.Supp.2d 1102, 1122 (D.Minn. 2009) and *Amos Financial, L.L.C. v. H&B&T Corp.*, 48 Misc.3d 1205(A), 2015 WL 3953325, at *8 (N.Y.Sup. Ct. June 29, 2015).

64. "Even if the consumer does not answer the call or hear the ring tone, the mere invasion of the consumer's electronic device can be considered a trespass to chattels, just as "plac[ing a] foot on another's property" is trespass." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1551 (2016) (Thomas, J., concurring).

65. Defendant interfered with Plaintiff's ability to use her cellular phone while it was in Plaintiff's possession.

66. Defendant barraged Plaintiff with numerous calls, leaving Plaintiff unable to use or possess Plaintiff's cellular phone in the manner in which Plaintiff wanted to.

67. Defendant knew or should have known that its phone calls were not consented to, as Plaintiff stated that Defendant must cease contacting Plaintiff on numerous occasions.

68. Defendant caused damage to Plaintiff's cellular phone, including, but not limited to, the wear and tear caused to Plaintiff's cellular phone, the loss of battery charge, and the loss of battery life.

69. Plaintiff also suffered damages in the form of stress, anxiety, and emotional distress, from Defendant's continuous interference with Plaintiff's possession of Plaintiff's cellular phone.

WHEREFORE, Plaintiff, JENNIFER M. PONTERIO, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Entering judgment in favor of Plaintiff and against Defendant;

    b. Awarding Plaintiff actual damages in an amount to be determined at trial;

    c. Awarding Plaintiff punitive damages in an amount to be determined at trial;

    d. Enjoining Defendant from contacting Plaintiff; and

    e. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

Dated: September 26, 2022                              Respectfully submitted,

                                                       /s/ Franklin A. Jara
Franklin A. Jara, Esq.
Florida Bar No. 636681
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Phone :(331) 272-8010
Fax: (630) 575-8188
fjara@sulaimanlaw.com